**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

QSL CORPORATION and CKQ DESIGNS, INC.,

      Plaintiffs,

v.             Civil Action No.: 05-10885-WGY

CHRISTMAS TREE SHOPS, INC.,

      Defendant.

## ANSWER TO COMPLAINT AND AFFIMATIVE DEFENSES
## DEMAND FOR JURY TRIAL

    For its answer to the complaint in the above-captioned action, defendant, Christmas Tree Shops, Inc., through its attorneys pleads as follows:

    1.  Defendant is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 1 of the plaintiff's Complaint.

    2.  Defendant is without information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 2 of the plaintiff's Complaint.

    3.  The defendant admits the allegations contained in paragraph 3 of the plaintiff's Complaint.

    4.  The defendant admits the allegations contained in paragraph 4 of the plaintiff's Complaint.

    5.  The defendant admits the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. Defendant is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 6 of the plaintiff's Complaint.

7. Defendant is without sufficient information to admit or deny the allegations, and on that basis denies each and every allegation contained in paragraph 7 of the plaintiff's Complaint.

8. The defendant denies the allegations contained in paragraph 8 of the plaintiff's Complaint.

9. The defendant denies the allegations contained in paragraph 9 of the plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

In further answering plaintiffs' complaint, defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (INVALIDITY)

10. The '205 patent is invalid for failure to meet the requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §100 et seq. Defendant further reserves the right to amend this defense further, as additional information is developed in discovery or otherwise.

## SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

11. On information and believe defendant asserts that plaintiffs sold products allegedly covered by the '205 patent without marking the patent number thereon such that plaintiffs' claim for damages is deficient based in whole or in part on, *inter alia*, 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, defendant respectfully request that this Court enter a judgment granting the relief set forth below:

1. A dismissal with prejudice of plaintiffs' complaint as against defendant;

2. A denial of all relief sought by plaintiffs as against defendant;

3. That this Court declare the '205 patent invalid;

4. An award of defendant's costs and reasonable attorneys' fees; and

5. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant requests trial by jury for all issues so triable.

| | |
|---|---|
| **OF COUNSEL** | Respectfully submitted,<br>CHRISTMAS TREE SHOPS, INC., |
| Bruce H. Sales<br>Matthew E. Hanley<br>LERNER, DAVID, LITTENBERG,<br>  KRUMHOLZ & MENTLIK, LLP<br>600 South Avenue West<br>Westfield, NJ  07090<br>908-654-5000<br>bsales@ldlkm.com | By its attorney,<br><br>/s/ John Egan<br>John Egan<br>Posternak Blankstein & Lund LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199<br>(617) 973-6226<br>jegan@pbl.com |